**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MICHELET PIERRE,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-04615-JLT-EGC

A-Number: 209-383-323

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1.)

Michelet Pierre is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 7.) In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Haiti. On July 21, 2016, Petitioner made an application for admission to enter the United States from Mexico at the San Isidro Port of Entry, California, and was paroled into the country pending a removal hearing. (Doc. 10-1 at 4.) On April 4, 2017, an Immigration Judge ordered Petitioner removed *in absentia.* (*Id.* at 3.) On December 19, 2017, an Immigration Judge granted Petitioner's Motion to Reopen. (*Id.*) In 2019, Petitioner filed for asylum, which

remains pending. (Id. at 5.) On January 22, 2020, Petitioner was again ordered removed in absentia. (*Id*. at 4.)

On January 27, 2022, Petitioner was arrested for aggravated battery, battery of a law enforcement officer, obstructing or resisting a police officer without violence, simple battery, resisting an officer with violence, and trespassing. (*Id*. at 12-14, *See* FBI "RAP" Sheet.) On March 23, 2023, Petitioner was found mentally unable to stand trial. (*Id*. at 15.) On December 19, 2023, Petitioner was again arrested for aggravated battery, battery of a law enforcement officer, obstructing or resisting a police officer without violence, simple battery, resisting an officer with violence. (*Id*. at 17-18.) The case remains pending.

On December 27, 2023, Petitioner was encountered by immigration officials while in detention following a criminal arrest and taken into ICE custody. (*Id*. at 4.) Petitioner was charged as inadmissible pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, released from custody, and enrolled in the Alternatives to Detention (ATD) program. (*Id*.) On May 17, 2024, an Immigration Judge administratively closed Petitioner's case. (*Id*. at 3.) On March 7, 2025, Petitioner filed an I-821 petition for Temporary Protected Status. (*Id*.) On May 29, 2025, Petitioner filed a Motion to Re-calendar, which was denied on July 21, 2025. (*Id*.) On January 23, 2026, Petitioner was taken into ICE custody when he appeared for a scheduled ICE check-in. (*Id*.) Petitioner is currently in custody at the California City Detention Facility in California City, California. (Doc. 1 at 2.)

On June 15, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* generally, Doc. 1.) On August 6, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2).[1] (*See generally*, Doc. 10.)

## II. LEGAL STANDARD

---

[1] Respondents argue in the alternative that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii) due to his 2022 arrest for aggravated battery of a law enforcement officer. (Doc. 10 at 2.) 8 U.S.C. § 1226(c)(1)(E)(ii) ("Aliens that are "arrest for … committing acts which constitute the essential elements of any … assault of a law enforcement officer offense" fall within this statute"). Because 8 U.S.C. § 1226(a) is the appropriate detention authority in this case, the Court declines to address Respondents' alternative detention authority.

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Respondents argue that as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), Petitioner's detention is therefore "mandatory." (Doc. 10 at 1-2.) Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, for the reasons articulated in those cases, the Court concludes Petitioner is re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

The Court notes that the Petition requests immediate release from custody. (Doc. 1 at 2.) Considering Petitioner's past arrests, the Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above;

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: August 21, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE